UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ALLAH KNIGHT,

                      Plaintiff,

          -against-

BLUMENFELD DEVELOPMENT GROUP, LTD
et al.,

                 Defendants.

-----------------------------------------------------------------X

                              25-CV-5759 (VSB) (VF)

                                    __ORDER__

**VALERIE FIGUEREDO, United States Magistrate Judge:**

In this employment-discrimination case, Plaintiff seeks an order compelling Defendant Chad Ryals to provide Plaintiff with a signed standard form 180 which would allow Plaintiff to request Ryals' official military personnel file from the Department of Defense. ECF No. 38. Plaintiff argues that Ryals' military personnel file is relevant because Plaintiff has alleged that Ryals verbally and sexually assaulted him while working for Defendant Blumenfeld Development Group and the records may contain other comparable acts, allegations of sexual misconduct, or any other allegation of racial discrimination made against Ryals. ECF No. 38 at 2-3. Ryals was a member of the United States Army from 2002 through 2008. Id. at 4. He was honorably discharged from service in 2008. Id.

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "The party moving to compel the disclosure of information bears the initial burden

1

of demonstrating that the information sought is relevant and proportional." Sportvision, Inc. v. MLB Advanced Media, L.P., No. 18-CV-3025 (PGG) (VF), 2022 WL 2817141, at *1 (S.D.N.Y. July 19, 2022). Plaintiff has not met his burden as it concerns these employment records.

The records Plaintiff seeks are from 18 to 24 years ago. There is no basis to believe that those records contain any allegation of sexual misconduct or racial discrimination. But even assuming that the records do contain such information, the records are plainly dated and thus not relevant to the claims or probative of Ryals' conduct, which is alleged to have occurred in 2024. See, e.g., Rodriguez v. NNR Global Logistics USA Inc., 2016 WL 11673310, at *3 (E.D.N.Y. Mar. 31, 2016) (granting motion to quash non-party subpoena that sought documents from plaintiff's prior employer were records were "more than ten years old" and therefore "the information contained in those documents would have little probative value to this litigation, if any").

During the conference on February 24, 2026, the Court asked Plaintiff to submit authority supporting Plaintiff's argument that Ryals' military personnel records from the requested time period were relevant and probative to the claims at issue in this case. In a letter dated March 4, 2026, Plaintiff cited to one case in support of his position, Long v. Valley Forge Military Academy Foundation, 2009 WL 10733869 (E.D. Pa. Sept. 17, 2009). ECF No. 40 at 2. Plaintiff's reliance on Long is misplaced. In Long, the defendant sought to obtain the plaintiff's military records, because  the "military records might show that Plaintiff engaged in similar misconduct in the past." 2009 WL 10733869, at *1 n. 2. Although the  court reasoned that the records were "discoverable," it ordered plaintiff to "authorize release only of those military records that bear a reasonable relation to the facts of this case, both in time and in scope." Id. No such reasonable relationship exists here because the records Plaintiff seeks are, at the earliest, from 16 years

before the alleged conduct in this case. Further, the records are not even from Ryals' immediate prior employer. For these reasons, Plaintiff's motion to compel is denied.

* * *

On January 29, 2026, Plaintiff filed a letter motion requesting that the Court authorize subpoenas to the Nassau County Police Department and Nassau County District Attorney's Office, for the release of records concerning the April 2025 arrest of Defendant William Stegman, who was Plaintiff's supervisor at the time of the incident alleged in the complaint. ECF No. 32. Plaintiff alleges that he reported the racists remarks and sexual assault by Ryals to Stegman and Stegman did not intervene or discipline Ryals. Id. at 2. Plaintiff seeks the records from Stegman's arrest on April 21, 2025, following an incident where Stegman allegedly pointed a firearm at two juveniles in Elmont, New York. Id. at 1. Plaintiff seeks to obtain the race of the two juvenile victims, because it is Plaintiff's theory that the juveniles are Black, and if so, such evidence will establish that Stegman "possessed the motive to discriminate against" Plaintiff based on Plaintiff's race. Id. at 3. The conduct underlying Stegman's arrest occurred after the 2024 incidents involving Plaintiff.

Defendants opposed Plaintiff's request on January 30, 2026. ECF No. 33. This issue was also discussed during the conference on February 24, 2026. Following the conference, Plaintiff submitted a supplemental letter on March 4, 2026, arguing that the criminal records are discoverable even if not admissible at trial. ECF No. 40 at 1-2.

Plaintiff's request that the Court authorize the subpoenas is denied. Plaintiff speculates as to the race of the minors involved in the incident on April 21, 2025. There is no evidence that the minors are Black. But, even if there were evidence establishing their race, Plaintiff still speculates that Stegman allegedly pointed a firearm at the minors because of their race. Simply stated, absent some other conduct by Stegman accompanying the display of the weapon—such as

3

a racial slur—it is speculative to assume that Stegman pointed the firearm at the minors because of their race. In short, Plaintiff has not offered a non-speculative reason for obtaining the criminal records sought.

The Clerk of Court is respectfully directed to close the motions at ECF Nos. 32 and 38.

**SO ORDERED.**

DATED:        New York, New York
              April 29, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge

4